IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-48-RJ

CHRISTINA SAUNDERS,

        Plaintiff/Claimant,

v.

MARTIN O'MALLEY,
*Commissioner of Social Security*,

        Defendant.

ORDER

This matter is before the court on the parties' briefs filed pursuant to the Supplemental Rules for Social Security Actions. [DE-13, -15]. Claimant Christina Saunders ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the denial of her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments. The time for further responsive briefing has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the briefs submitted by the parties, this matter is remanded to the Commissioner.

## I. STATEMENT OF THE CASE

Claimant filed applications for a period of disability, DIB, and SSI on December 16, 2020, alleging disability beginning November 27, 2020. (R. 10, 259–72). The claims were denied initially and upon reconsideration. (R. 10, 95–150). A telephonic hearing before the Administrative Law Judge ("ALJ") was held on June 14, 2022, at which Claimant, represented by

counsel, and a vocational expert ("VE") appeared and testified. (R. 10, 41–94). On August 5, 2022, the ALJ issued a decision denying Claimant's request for benefits. (R. 7–30). On December 2, 2022, the Appeals Council denied Claimant's request for review. (R. 1–6). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d

438, 439–40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520 and 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)–(c) and 416.920a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* §§ 404.1520a(e)(3), 416.920a(e)(3).

In this case, Claimant alleges the ALJ erred in (1) failing to resolve the material inconsistency between his evaluation of the medical opinions of the state agency reviewers and

3

the residual functional capacity ("RFC") assessment, (2) failing to account for Claimant's seizures and postictal symptoms in the RFC in the form of time off task or absences, and (3) assessing the medical opinion of Claimant's treating neurologist. Pl.'s Br. [DE-13] at 8–14.

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful activity since November 27, 2020. (R. 12). Next, the ALJ determined Claimant had the severe impairments of epilepsy; obesity; migraine headaches; depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; and posttraumatic stress disorder. (R. 13). However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13–16).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform a reduced range of medium work[1] with the following limitations:

> can never climb ladders, ropes, and scaffolds; can never work at unprotected heights, near moving mechanical parts, or operating a motor vehicle; can work in moderate noise environments; can understand, remember and carryout instructions by performing simple, routine, and repetitive tasks but not at a production rate pace (e.g., assembly line work); can make simple, work-related decisions; and can have frequent interaction with supervisors and occasional interaction with coworkers and the general public.

(R. 16–21). In making this assessment, the ALJ found Claimant's statements about her limitations not entirely consistent with the medical and other evidence of record. (R. 17).

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. If someone can do medium work, she can also do sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416.967(c).

4

At step four, the ALJ concluded Claimant was unable to perform her past relevant work as a primary care nurse. (R. 21–22). Nonetheless, at step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined Claimant was capable of performing other jobs that exist in significant numbers in the national economy. (R. 22–23).

## V. DISCUSSION

Claimant contends the ALJ committed several errors in assessing her RFC, namely that the ALJ erred in failing to resolve the material inconsistency between his evaluation of the medical opinions of the state agency reviewers and the RFC assessment, failing to account for Claimant's seizures and postictal symptoms in the form of time off task or absences, and improperly assessing the medical opinion of Claimant's treating neurologist. Pl.'s Br. [DE-13] at 8–13. The Commissioner contends substantial evidence supports the ALJ's RFC finding. Def.'s Br. [DE-15] at 6–18.

The RFC is the capacity an individual possesses despite the limitations caused by physical or mental impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC is based on all relevant medical and other evidence in the record and may include a claimant's own description of limitations arising from alleged symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also* SSR 96-8p, 1996 WL 374184, at *5. "[T]he residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). The ALJ must provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and

5

nonmedical evidence (e.g., daily activities, observations)." *Id.* (quoting SSR 96-8p); *see also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (observing that the ALJ "must build an accurate and logical bridge from the evidence to his conclusion").

Two of Claimant's assertions of error relate to the ALJ's handling of the opinion evidence. First, Claimant contends the ALJ found the state agency reviewer's opinions persuasive but did not adopt their suggested limitation to "short instructions" in the RFC. Pl.'s Br. [DE-13] at 8–10. Second, Claimant contends the ALJ improperly assessed the medical opinion of her treating neurologist, Dr. MacDonald. *Id.* at 13–14.

When assessing a claimant's RFC, the ALJ must consider the opinion evidence. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The applicable regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider the persuasiveness of medical opinions using five factors: (1) supportability, meaning that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions or prior administrative medical finding(s) will be"; (2) consistency, meaning that the more consistent an opinion is with other evidence in the record, the more persuasive the medical opinion will be; (3) the medical source's relationship with the claimant, which considers the length of the treating relationship, frequency of examinations, purpose of the treating relationship, extent of the treatment relationship, and whether the medical source examined the claimant; (4) specialization, meaning that "a medical source who has received advanced education and training to become a

6

specialist may be more persuasive"; and (5) "other factors that tend to support or contradict a medical opinion." *Id.* §§ 404.1520c(c)(1)–(5), 416.920(c)(1)–(5). The most important factors are supportability and consistency. *Id.* §§ 404.1520c(a), 416.920c(a).

On initial review and reconsideration of Claimant's applications for benefits, the state agency psychologist reviewers both opined that Claimant is "moderately limited" in the "ability to understand and remember detailed instructions," (R. 105, 133), and "retains capacity to understand and remember short and simple instructions," (R. 106, 133). The ALJ provided the following assessment of their opinions as a whole:

> The undersigned has also considered the findings of the state agency psychological consultants, Nicole Sampson, Ph.D., and Jacquelyn Harrison, Ph.D., concerning the claimant's mental impairments. The undersigned is persuaded by their findings with respect to the claimant's limitations in all four B Criteria. These conclusions are well supported by the treatment notes, and they are generally consistent with the conclusions of those who treated and evaluated the claimant directly. (3A; 4A; 7A; and 8A).

(R. 20) (internal footnote omitted).

Claimant contends the ALJ erred in finding these opinions persuasive but not adopting the suggested limitation to short instructions in the RFC. Pl.'s Br. [DE-13] at 8–10. The Commissioner argues that the ALJ was not required to adopt all the reviewer's findings simply because he found their opinions to be persuasive, and Claimant cannot demonstrate prejudice. Def.'s Br. [DE-15] at 6–12.

In *Ezzell v. Berryhill*, the Fourth Circuit found error where the ALJ gave significant weight to a medical opinion that indicated the claimant required a cane and was severely impaired in the ability to move about but then implicitly rejected that opinion, without discussion, by concluding that the claimant failed to demonstrate the inability to effectively ambulate on a sustained basis.

7

688 F. App'x 199, 201 (4th Cir. 2017); *see also Adams v. Comm'r of Soc. Sec.*, No. 3:20-CV-00224-RJC, 2022 WL 634213, at *3 (W.D.N.C. Mar. 3, 2022) ("Courts in this district have further explained 'that an ALJ cannot implicitly reject portions of a doctor's opinion [that the ALJ found persuasive] that are inconsistent with her RFC without' adequately explaining her reasoning.") (citing *Clark v. Berryhill*, No. 5:17-CV-143-DCK, 2018 WL 3014408, at *5 (W.D.N.C. June 15, 2018))).

Here, the ALJ found the state agency psychologists' conclusions as to Claimant's mental limitations in the four functional areas, referred to as the B criteria, to be "well supported by the treatment notes" and "generally consistent with the conclusions of those who treated and evaluated the claimant directly." (R. 20). Specifically, the relevant findings were made in assessing Claimant's ability to understand, remember, or apply information, (R. 105–06), and thus were part of the opinion the ALJ found to be well supported and generally consistent with the conclusions of Claimant's treatment providers. While the Commissioner is correct that the ALJ need not defer to any medical opinion or prior administrative finding, 20 C.F.R. §§ 404.1520c(a), 416.920c(a), the ALJ must provide sufficient explanation so that the court can trace his reasoning, *see Alonna A. v. Kijakazi*, No. CV 22-3115-CDA, 2023 WL 8373378, at *4 (D. Md. Dec. 1, 2023) (the ALJ's failure to explain why the limitations opined by sources whose opinions were found to be persuasive were not fully incorporated into the RFC "deprives the ALJ's decision of the requisite 'logical bridge' between the evidence and the RFC that would allow this Court to trace the ALJ's reasoning) (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). The ALJ did not explain why he rejected a limitation to short instructions, despite finding the state agency psychologists'

8

findings to be persuasive. And this was not harmless error because a limitation to short instructions conflicts with the requirements of the jobs that the ALJ found Claimant could perform.

The ALJ found, based on the VE's testimony, that Claimant could perform the jobs of linen room attendant (DOT # 222.387-030), cook helper (DOT # 317.687-010), and warehouse worker (DOT # 922.687-058), all of which are Reasoning Level 2 or 3 jobs. (R. 22). Reasoning Level 2 jobs require the individual to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702. Reasoning Level 3 jobs require the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." DOT § 209.687-026.

In *Thomas v. Berryhill*, the Fourth Circuit held that an apparent conflict existed between a limitation to "short, simple instructions" and jobs that include "detailed but uninvolved instructions." 916 F.3d 307, 314 (4th Cir. 2019). In *Lawrence v. Saul*, the Fourth Circuit clarified that "'[s]hort' is inconsistent with 'detailed' because detail and length are highly correlated," but there is no conflict between "'simple, routine repetitive tasks of unskilled work' . . . and Level 2's notions of 'detailed but uninvolved . . . instructions' and tasks with 'a few [ ] variables.'" 941 F.3d 140, 143 (4th Cir. 2019). Had the ALJ in this case adopted the suggested limitation to short instructions, it would create an apparent conflict with the Reasoning Level 2 requirement to carry out detailed instructions. *See Johnson v. Saul*, No. 5:18-CV-00152-FDW, 2020 WL 1429244, at *5 (W.D.N.C. Mar. 19, 2020) (finding an apparent conflict between the RFC requirement of "short, simple instructions" and the Reasoning Level 2 requirement of "detailed but uninvolved

9

instructions"); *Fincher v. Berryhill*, No. 3:17-CV-00624-RJC, 2019 WL 1317731, at *4 (W.D.N.C. Mar. 22, 2019) (same).

It also stands to reason that an apparent conflict would exist between a limitation to short instructions and the requirements of Reasoning Level 3. "Since reasoning levels ascend in levels of complexity, *Thomas* therefore stands for the proposition that there is an apparent conflict between jobs requiring Level 2 reasoning *or higher*, and a limitation to 'short, simple instructions.'" *Miles v. Saul*, No. 1:18-CV-132, 2020 WL 618114, at *5 (M.D.N.C. Feb. 10, 2020) (emphasis added) (finding an apparent conflict between the Reasoning Level 3 requirements and a limitation to short, simple instructions), *adopted by* 2020 WL 1539734 (M.D.N.C. Mar. 31, 2020); *see also Keller v. Berryhill*, 754 F. App'x 193, 198 (4th Cir. Nov. 29, 2018) ("[A]n apparent conflict exists between a limitation to short and simple instructions and Reasoning Development Level 3 occupations."). Accordingly, the ALJ's error in failing to explain why he rejected a limitation to short instructions, despite finding the state agency psychologists' findings to be persuasive, is not harmless. *See Alexander v. Comm'r of Soc. Sec.*, No. 3:21-CV-00593-RJC, 2023 WL 2729164, at *5 (W.D.N.C. Mar. 30, 2023) (finding the ALJ's "unexplained decision not to limit Alexander's RFC to only jobs requiring short instructions [wa]s not harmless" where the Fourth Circuit has held that an apparent conflict exists "between a limitation to 'short, simple instructions' and a need to carry out 'detailed but uninvolved ... instructions' jobs (as found in jobs requiring Level 2 Reasoning).") (quoting *Thomas*, 916 F.3d at 313–14.).

Given the need for remand on the above issue, the court declines to address Claimant's remaining assertions of error. However, on remand the ALJ should ensure that Claimant's seizures and postictal symptoms related to her epilepsy, which the ALJ found to be a severe impairment,

10

are properly considered in formulating the RFC, and that sufficient reasons are provided for finding the opinion of Claimant's treating neurologist unpersuasive.

## VI. CONCLUSION

For the reasons stated above, this matter is remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this order.

So ordered, this the 14 day of March, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge